FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 29 2011 ★

LONG ISLAND OFFICE

ORIGINAL

RECEIVED
MAR 2 9 2011
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————————————X

DOMINIQUE PHILLIPS,

Plaintiff,

- against -

NEW YORK STATE DEPARTMENT OF LABOR
UNEMPLOYMENT INSURANCE APPEAL BOARD
d/b/a ADMINISTRATIVE LAW JUDGE SECTION,

- and -

ADMINISTRATIVE LAW JUDGE RICHARD WARD,

- and -

MARRIOTT DEFENSE ATTORNEY KENNETH PESS,

Defendant(s).

————————————————————————————————X

CV 11 1633

COMPLAINT

SEYBERT, J.

Plaintiff
Demands
Trial by Jury

LINDSAY, M.

Plaintiff Dominique Phillips, *"Pro se"*, for his complaint against Defendants, alleges as follows:

## PARTIES

1.     Plaintiff Dominique Phillips (hereinafter "Plaintiff") is an individual residing at 11 Mirin Avenue, Roosevelt, New York.

2.     Defendant State of New York Unemployment Insurance Appeal Board, d/b/a Administrative Law Judge Section (hereinafter "N.Y.S. Dept. of Labor", "U.I. Appeal Board", and/or "A.L.J. Section") is upon information and belief, a business organized pursuant to the laws of the State of New York.  Defendant transacts business in the State of New York and maintains a place of business at the State Office Building, Suite 2B46, on Veteran's Memorial Highway, Hauppauge, New York.

3.     Defendant Administrative Law Judge Richard Ward (hereinafter "A.L.J. Ward") is an individual employed as a judge pursuant to the laws of the State of New York, at UI Appeal Board, ALJ Section.  Defendant maintains his place of business at 400 Oak Street, Suite 101, Garden City, New York.

4.     Defendant Kenneth Pess (hereinafter "Mr. Pess") is an individual who practices law pursuant to the laws of the State of New York as an attorney.  Defendant maintains his law practice and place of business at the Law Offices of Kenneth Pess, 2 Factory Pond Road, Locust Valley, New York.

## JURISDICTION

5.     This Court has jurisdiction over this civil action pursuant to 28 U.S.C.  1331 and 1367 insofar Plaintiff is alleging both federal and state claims.

## FACTS

6.     Plaintiff was hired on or about July 15, 1998 at the Long Island Marriott Hotel and Conference Center (hereinafter "Marriott"), place of business located at 101 James Doolittle Boulevard, Uniondale, New York.

7.     Plaintiff was employed at the Marriott's Skylight Café & Bar as a bartender.

8.     However, during Plaintiff's tenure at the Marriott, he was subjected to a hostile work environment.  Plaintiff also alleges Marriott discriminated against him on account of his race by: (1) issuing him unwarranted disciplinary writeups; (2) denying his request for a transfer; (3) imposing more stringent rules regarding attendance and tardiness on him as compared to similarly situated Caucasian co-workers; (4) treating him disparately concerning his request for vacation, and (5) terminating his employment without just cause.

9.     Plaintiff was suspended on December 30, 1999.

10.     Plaintiff was terminated on January 4, 2000.

11.     On January 10, 2000, Plaintiff appeared at the New York State Department of Labor (hereinafter "NYS Dept. of Labor") local office: 068, located at 344 Fulton Avenue, Hempstead, New York, and applied for unemployment insurance benefits after his termination from the Marriott.

12.     On January 18, 2000, Plaintiff appeared at the State Division of Human Right (hereinafter "SDHR") local office 023, located at 175 Fulton Avenue, Hempstead, New York,

2

and filed a formal complaint against the Marriott for unlawful labor practices of discrimination, disparaging treatment, and hostile work environment.

13.     On January 25, 2000, a "Notice of Determination" from Ms. M. Meyer, a NYS Dept. of Labor representative for the Commissioner of Labor, at the local office: 068, was sent to Plaintiff, disqualifying him from receiving unemployment insurance benefits, based on the false allegations made by the Marriott that he lost his employment through "misconduct". The notice stated that determination was made effective December 24, 1999, claiming that he was absent on December 25, 1999 without calling the employer - a violation of employer's rules.

14.     Plaintiff requested for a hearing.

15.     The unemployment hearing(s) of February 17, 2000 (Case No.: 000-02187), and March 14, 2000 (Case No.: 000-03641), were adjourned to March 31, 2000, due to the fact that Plaintiff was without his counsel, Frank X. Kilgannon, Esq.

16.     On March 31, 2000, Plaintiff appeared at his scheduled unemployment hearing (Case No.: 000-05020) with his new counsel, Scott A. Korenbaum, Esq. Marriott appeared at the hearing with counsel Kenneth Pess, Esq. The parties appeared before ALJ Ward to hear the case, a member of the UI Appeal Board, ALJ Section, to determine if Plaintiff is entitled to receive his unemployment insurance benefits.

17.     The issue before ALJ Ward was to decide whether the Marriott established that Plaintiff was terminated for misconduct - on the initial and only claim - that Plaintiff was absent on December 25, 1999 without calling the employer, that stated on the Notice of Determination, issued by the NYS Dept of Labor.

18.     At the first day of the hearing, however, Marriott's counsel, Mr. Pess, received permission by ALJ Ward to change its theory of the case in order to argue "insubordination", and that Plaintiff had been terminated because he had obtained approval to go out on leave after he was denied his request for time off for the Christmas holidays, .

19.     The Marriott failed to exhaust their insubordination claim with the NYS Dept of Labor and thus, ALJ Ward lacked subject matter jurisdiction over the claim.

20.     Plaintiff's counsel, Mr. Korenbaum, presented his stern objections to ALJ Ward claiming it's a violation to his client's rights of due process because Marriott did not terminate his client for insubordination.

3

21.     Mr. Pess then informed ALJ Ward that Plaintiff had further litigation against his client's for employment discrimination with the SDHR under Title VII, therefore opening the door to the outcome of that charge against his client.

22.     During the hearing, however, Marriott admitted that Plaintiff should not have been terminated for being absent on December 25, 1999, while on Christmas vacation.

23.     All of Plaintiff's witnesses who were subpoenaed to come forward to testify on his behalf weren't allowed at the unemployment hearings .

24.     Plaintiff was denied his unemployment insurance benefits due to the fact that ALJ Ward allowed suborn perjured testimony, which he lacked jurisdiction over, to influence his judgment that was introduced by the Marriott.

25.     Mr. Pess committed a due fraud and willful misrepresentation at the hearings by pursuing a claim that was not properly before ALJ Ward.

26.     Mr. Pess, an officer of the court, understood that in order to amend his client's plea he had to file a timely motion with the NYS Dept of Labor, and he failed to do so.

27.     By not filing a timely motion, Mr. Pess denied Plaintiff of his right of due process and a fair hearing.

28.     In the seven (7) subsequent years that Plaintiff was in federal court litigating the issue, from February 27, 2004 thru February 25, 2011, the Marriott never once argued Plaintiff was insubordinate, but rather their initial reason of progressive discipline.

29.     Thus, with the addition of this claim, Plaintiff was denied his unemployment insurance benefits, and also defamed by ALJ Ward.

30.     Plaintiff was defamed in ALJ Ward's "Notice of Decision" through his finding of facts and opinion as a result of Marriott's insubordination claim that never existed. ALJ Ward also during his Notice of Decision, he opened the window of opportunity when he claimed that "[t]he [Plaintiff's] assertion that the employer conjured up the second basis for discharge simply to bolster its defense against a post-termination lawsuit for discrimination bears little weight under the overwhelming subterfuge visible in the facts presented."

31.     Therefore, since the Marriott lost their summary judgment motion on March 30, 2010 before The Honorable Roslynn R. Mauskopf in this Court, to his charge of discrimination, (Federal Case No.: 04-CV-0839), he now can file a timely defamation suit against the Defendants within one year time limit, by March 29, 2011.

32.     From 2000, to this present date, Plaintiff has sustained damage to his person and psyche as a result of Defendant's unlawful actions.

33.     Plaintiff demands a trial by jury.

## CLAIM I - VIOLATION OF DUE PROCESS

34.     Plaintiff repeats the allegation contained in paragraph 1 through 33 herein of the complaint.

35.     The acts of ALJ Ward in his official and individual capacity and Mr. Pess as an officer of the court constitute a violation of Plaintiff's rights of due process as protected under the Fourteenth Amendment.

36.     Those acts denied Plaintiff of his unemployment insurance benefits and a fair hearing.

## CLAIM II - DEFAMATION

**WHEREFORE,** Plaintiff demands judgment against the Defendants as follows:

1.      Compensatory Damages;

2.      Damages to compensate for emotional distress, humiliation, as well as financial pain and suffering, sustained by Plaintiff as a result of Defendants conduct;

3.      Punitive damages for the fraud and willful misrepresentation;

4.      An award of attorney's fees, cost, and prejudgment interest necessitated by this action together with such other and further relief as this Court deems just and proper.


**Dated: Roosevelt, New York**
**March 29, 2011.**

                                    **DOMINIQUE PHILLIPS**
                                    **By:**
                                    **DOMINIQUE PHILLIPS (Pro Se)**
                                    **11 Mirin Avenue**
                                    **P. O. Box 161**
                                    **Roosevelt, NY 11575**
                                    **Tel. (516) 965-9641**

5