FILED
IN CLERK'S OFFICE
U S DISTRICT COURT
★ MAY 03 2011
LONG ISLAND C.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DOMINIQUE PHILLIPS,

                        Plaintiff,

- against -

NEW YORK STATE DEPARTMENT OF LABOR
UNEMPLOYMENT INSURANCE APPEAL BOARD
d/b/a ADMINISTRATIVE LAW JUDGE SECTION,

- and -

ADMINISTRATIVE LAW JUDGE RICHARD WARD,

                        Defendant(s).
----------------------------------------------------------X

**AMENDED COMPLAINT**

CV-11-1633
(JS) (ARL)

**Plaintiff Demands Trial by Jury**

Plaintiff Dominique Phillips, *"Pro se"*, for his amended complaint against Defendants, alleges as follows:

## PARTIES

1. Plaintiff Dominique Phillips (hereinafter "Plaintiff") is an individual residing at 11 Mirin Avenue, Roosevelt, New York.

2. Defendant State of New York Unemployment Insurance Appeal Board, d/b/a Administrative Law Judge Section (hereinafter "N.Y.S. Dept. of Labor", "U.I. Appeal Board", and/or "A.L.J. Section") is upon information and belief, a business organized pursuant to the laws of the State of New York. The UI Appeal Board, ALJ Section, transacts business in the State of New York and maintains a place of business at the State Office Building, Suite 2B46, on 250 Veteran's Memorial Highway, Hauppauge, New York.

3. Defendant Administrative Law Judge Richard Ward (hereinafter "A.L.J. Ward") is an individual employed as a judge pursuant to the laws of the State of New York, UI Appeal Board, ALJ Section. ALJ Ward maintains his place of business at 400 Oak Street, Garden City, New York.

RECEIVED
MAY 0 3 2011
EDNY PRO SE OFFICE

## JURISDICTION

4. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1367 insofar Plaintiff is alleging both federal and state claims.

## FACTS

5. Plaintiff was hired on or about July 15, 1998 at the Long Island Marriott Hotel and Conference Center (hereinafter "former employer" or "Marriott"), place of business located at 101 James Doolittle Boulevard, Uniondale, New York.

6. Plaintiff was employed at the Marriott's Skylight Café & Bar as a bartender.

7. However, during Plaintiff's tenure, he feels he was subjected to a hostile work environment, and also felt his former employer discriminated against him on account of his race.

8. Plaintiff was suspended on December 30, 1999. **(See Exhibit "A")**.

9. Plaintiff's suspension notice makes no mention of any allege *"insubordination"*.

10. Plaintiff was terminated on January 4, 2000.

11. On January 10, 2000, Plaintiff appeared at the NYS Dept of Labor, local office: 068, located at 344 Fulton Avenue, Hempstead, New York, and applied for his unemployment insurance benefits after being terminated by his former employer.

12. On January 18, 2000, Plaintiff appeared at the State Division of Human Rights (hereinafter "SDHR") local office: 023, located at 175 Fulton Avenue, Hempstead, New York, and filed a formal complaint and a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") under Title VII, against his former employer for unlawful labor practice of discrimination, disparaging treatment, and hostile work environment. **(See Exhibits "B" & "C")**.

13. On January 25, 2000, a "Notice of Determination" was sent to Plaintiff from Ms. M. Meyer, a NYS Dept of Labor representative for the Commissioner of Labor, at the local office: 068, disqualifying him from receiving his unemployment insurance benefits, based on the allegations made by the former employer that he lost his employment through "misconduct". The notice stated that determination was made effective December 24, 1999, claiming that he was absent on December 25, 1999 without calling the employer - a violation of employer's rules. **(See Exhibit "D")**.

14. Plaintiff requested for a hearing.

15. The unemployment hearing(s) of February 17, 2000 (Case No.: 000-02187), and March 14, 2000 (Case No.: 000-03641) were adjourned, due to the fact that Plaintiff was without his counsel, Frank X. Kilgannon, Esq. **(See Exhibits "E" "F" "G" "H" & "I")**.

16. However, on March 14, 2000, a Decision and Notice of Decision (hereinafter "Notice of Decision") was sent to Plaintiff from ALJ Ward, titled "[Plaintiff] Second Default", claiming he failed to appear for his scheduled hearing that day. (See Exhibit "J").

17. Plaintiff suspected foul play upon receipt of ALJ Ward's March 14th notice of default, and also felt that the notice sent by ALJ Ward was a deliberate attempt to discredit him, prior to the start of the hearings.

18. Plaintiff maintains he appeared before ALJ Ward on March 14th, in the presences of Kenneth Pess, and personally hand delivered Mr. Kilgannon's March 13, 2000 "Affirmation", respectfully requesting for another adjournment. (Revert & See Exhibit "I").

19. Thereafter, ALJ Ward acknowledged receipt of Mr. Kilgannon's Affirmation, and prior to Plaintiff leaving, ALJ Ward suggested to Plaintiff that if he wants to continue he would have to apply to reopen the case with the NYS Dept of Labor.

20. Plaintiff applied to reopen the case for a hearing.

21. On March 31, 2000, Plaintiff appeared at his scheduled unemployment hearing (Case No.: 000-05020) with his new counsel, Scott A. Korenbaum, Esq. Marriott appeared at the hearing with counsel Kenneth Pess, Esq. The parties appeared before ALJ Ward to hear the case, a member of the UI Appeal Board, ALJ Section, to determine if Plaintiff is entitled to receive his unemployment insurance benefits. (See Exhibit "K": March 31, 2000 Transcript).

22. The issue before ALJ Ward was to decide whether the Marriott established that Plaintiff was terminated for misconduct - on the initial and only claim - that Plaintiff was absent on December 25, 1999 without calling the employer, that stated on the Notice of Determination issued by the NYS Dept of Labor. (Revert & See Exhibit "D").

23. At the first day of the hearing, however, the Marriott received permission by ALJ Ward to change its theory of the case in order to argue "insubordination", and that Plaintiff had been terminated because he had obtained approval to go out on leave after he was denied his request for time off for the Christmas holidays. (See Exhibit "L").

24. ALJ Ward committed a due fraud and willful misrepresentation at the hearings by allowing Marriott to supposition a claim that was not properly before him.

25. ALJ Ward, an officer of the court, understood that in order for the employer to amend their plea they had to file a timely motion with the NYS Dept of Labor, which they failed to do.

3

26. The Marriott failed to exhaust their insubordination claim with the NYS Dept of Labor and thus, ALJ Ward lacked subject matter jurisdiction over the claim.

27. Plaintiff's counsel, Mr. Korenbaum, presented his stern objections to ALJ Ward claiming "it's a violation to his client's right of due process" because Marriott did not terminate Plaintiff for insubordination.

28. The Marriott disclosed to ALJ Ward that Plaintiff had further litigation against them for employment race discrimination with the SDHR and EEOC under Title VII, therefore, opening the door to the outcome of that charge pending against them.

29. During the hearing, however, the Marriott admitted that Plaintiff should not have been terminated for being absent on December 25, 1999, while on Christmas vacation.

30. All of Plaintiff's witnesses who were subpoenaed to come forward to testify on his behalf weren't allowed at the hearings, with the exception of one, (See **Exhibits "M" "N" & "O"**), despite the fact that at the beginning of the hearings, ALJ Ward asserted the parties have the right to testify, present evidence, witnesses to support their position, request a subpoena to ask for witnesses, documents, and/or other evidence that cannot get to the hearing any other way.

31. However, when it came time for Plaintiff to request for his witnesses, ALJ Ward said no to the subpoenas for Plaintiff's witnesses when he asserted "….., I'm not convinced that any of these people are necessary to this case. Okay, I'm not here to drag people in for the sake of some attorney's whim dragging them in." (Referring to Mr. Korenbaum, Plaintiff's counsel).

32. Yet, Marriott was able to drag in at least five (5) of their witnesses, all of whom were allowed to come forward by ALJ Ward to testify against Plaintiff.

33. Plaintiff was denied the right of due process and a fair hearing.

34. On June 7, 2000, Plaintiff was denied his right of entitlement to unemployment insurance benefits, and defamed by ALJ Ward. (See **Exhibit "P": Notice of Decision**).

35. Plaintiff never made any such representation, or ever testified at the hearings that his manager lost the original first set of Benefit Leave Request Forms, to obtain a second set, as ALJ Ward falsely asserted in his Notice of Decision.

36. Plaintiff was denied his unemployment insurance benefits due to the fact that ALJ Ward allowed suborn perjured testimony, which he lacked jurisdiction over, to influence his judgment that was introduced by Plaintiff's former employer.

4

37. Plaintiff was defamed in ALJ Ward's Notice of Decision through his findings of fact and opinion, as a result of Marriott's insubordination claim that should have never existed.

38. Plaintiff appealed ALJ Ward's decision. **(See Exhibits "Q" "R" & "S").**

39. Moreover, ALJ Ward did in fact opened the window of opportunity with his Notice of Decision when he claimed that "[t]he [Plaintiff's] assertion that the employer conjured up the second basis for discharge simply to bolster its defense against a post-termination lawsuit for discrimination bears little weight under the overwhelming subterfuge visible in the facts presented."

40. Therefore, since the Marriott lost their summary judgment motion on March 30, 2010 before The Honorable Roslynn R. Mauskopf in this Court, **(See Exhibit "T"),** to his charge of discrimination (Federal Case No.: 04-CV-0839), Plaintiff now have the right to commence a timely defamation suit against the Defendants within a one year time limit by March 29, 2011.

41. On March 29, 2011, Plaintiff commenced this civil action against the Defendants in federal court. **(See Exhibit "U").**

42. In the seven (7) subsequent years that Plaintiff was in federal court litigating the issue, from February 27, 2004 thru February 25, 2011, the Marriott never once argued Plaintiff was terminated for insubordination, but rather their initial reason of progressive discipline.

43. Since March of 2000, Plaintiff has sustained damage to his person and psyche as a result of ALJ Ward's unlawful actions.

44. Plaintiff demands a trial by jury.

## CLAIM I - VIOLATION OF DUE PROCESS

45. Plaintiff repeats the allegations contained in paragraph 1 through 44 herein of the amended complaint.

46. The actions of ALJ Ward in his official and individual capacity, as well as being an officer of the court, constitute a violation of Plaintiff's right of due process as protected under the Fourteenth Amendment.

47. The actions of ALJ Ward denied Plaintiff a fair hearing, and his entitlement to unemployment insurance benefits in June of 2000.

5

## CLAIM II - DEFAMATION

48. Plaintiff repeats the allegations contained in paragraph 1 through 47 herein of the amended complaint.

49. The actions of ALJ Ward in his official and individual capacity, undoubtedly, through his findings of fact and opinion defamed Plaintiff in the Notice of Decision.

50. Plaintiff was defamed by ALJ Ward when his character was assassinated, and his good name and reputation was tarnished in the Notice of Decision.

51. ALJ Ward's defamation became obvious due to Judge Mauskopf's ruling of her Summary Judgment "Memorandum & Order" on March 30, 2010.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

1. Compensatory Damages;

2. Damages to compensate for emotional distress, humiliation, as well as financial hardship, pain and suffering, sustained by Plaintiff as a result of Defendants conduct;

3. Punitive damages for the fraud and willful misrepresentation;

4. An award of attorney's fees, cost, and prejudgment interest necessitated by this action together with such other and further relief as this Court deems just and proper.

Dated: Roosevelt, New York
       May 3, 2011.

PLAINTIFF'S AMENDED COMPLAINT

By: _____
DOMINIQUE P. PHILLIPS (Pro Se)
11 Mirin Avenue
P. O. Box 161
Roosevelt, NY 11575
Tel. (516) 965-9641

Case 2:11-cv-01633-JS-ARL   Document 4   Filed 05/03/11   Page 7 of 10 PageID #: 18



**STATE OF NEW YORK**
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
ADMINISTRATIVE LAW JUDGE SECTION
STATE OFFICE BUILDING RM 2B46
VETERAN'S MEMORIAL HIGHWAY
HAUPPAUGE NY 11787
(631) 952-6504

**ROBERT A. LORENZO**
CHIEF ADMINISTRATIVE LAW JUDGE

**GEORGE T. DOLAN, JR.**
PRINCIPAL ADMINISTRATIVE LAW JUDGE

FILED
IN CLERK'S OFFICE
U.S. DIS...
LAURENCE ROSE
SENIOR ADMINISTRATIVE LAW JUDGE

MAY ___ 2011

LONG ISLAND OFFICE

**DECISION AND NOTICE OF DECISION**

A.L.J. Case No. 000-05020

IN THE MATTER OF:

DOMINIQUE P PHILLIPS
P O BOX 161
ROOSEVELT NY 11575

KENNETH PESS
POST OFFICE BOX 398
LOCUST VALLEY, NY 11560

Mailed and Filed: JUN 0 7 2000

S.S.A. No.     -4832

LONG ISLAND MARRIOTT
101 JAMES DOOLITTLE BL
UNIONDALE NY 11553

SCOTT A. KORENBAUM, ESQ.
C/O FREDERICK K. BREWINGTON
50 CLINTON STREET, SUITE 501
HEMPSTEAD NY 11550

Department of Labor Office: 068

Hearing Requested: March 16, 2000

**PLEASE TAKE NOTICE** that this decision has been duly mailed on the date listed above. If you appeared at the hearing and are not satisfied with this decision, you may appeal within **TWENTY DAYS** from the date this decision was mailed. Any party who failed to appear at the hearing has the right to apply to the local office to reopen the case. For the application to be granted, the party must apply within a reasonable time and must establish good cause for its failure to appear. **READ IMPORTANT INFORMATION ON REVERSE SIDE.**

**POR FAVOR TOME NOTA** que esta decisión ha sido debidamente enviada por correo en la fecha que aparece arriba. Si usted asistió a la audiencia y no está satisfecho con la decisión, usted puede apelar dentro de los **VEINTE DIAS** a partir de la fecha en que esta decisión fué enviada por correo. Cualquiera de las partes que falte en comparecer a la audiencia, tiene derecho de aplicar en su oficina local, para que reabran su caso. Para que la apelación sea aceptada, la parte interesada debe aplicar dentro de un periodo de tiempo razonable y debe establecer buena causa por no haber comparecido a la audiencia. **LEA INFORMACIÓN IMPORTANTE AL REVERSO.**

ISSUES: Claimant's Application to Reopen Case Nos. 000-02187 and 000-03641
Loss of employment through misconduct.

The Department of Labor issued the initial determination disqualifying the claimant from receiving benefits effective December 24, 1999, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by LONG ISLAND MARRIOTT prior to December 24, 1999 cannot be used to establish a future claim for benefits. The claimant requested a hearing.

The claimant has applied to reopen A.L.J. Case Nos. 000-02187 and 000-03641. In A.L.J. Case No. 000-02187, the Administrative Law Judge sustained the initial determination based upon the claimant's failure to proceed at a hearing on February 17, 2000. In A.L.J. Case No. 000-03641, the Administrative Law Judge denied the claimant's application to reopen A.L.J. Case No. 000-02187 based upon the claimant's failure to appear at a hearing on March 14, 2000.

A hearing was held at which testimony was taken. There were appearances on behalf of the claimant and the employer.

FINDINGS OF FACT: The claimant worked as a server in a hotel cafe from July, 1998 until December 23, 1999. The claimant required the signature of a manager on a Benefit Leave Request Form to take time off from work. On December 3, 1999 the claimant asked his manager for several days off, including Christmas Day. About a week later, the manager denied the claimant's request, telling him that because the claimant had Thanksgiving off, he was expected to work Christmas Day. A few days before Christmas the claimant, claiming that the manager had lost the claimant's original Benefit Leave Request Form, sought replacement

forms from Human Resources. These the claimant presented, filled out for days in the time period both before and after Christmas but omitting Christmas Day, to his assistant manager. The claimant made no mention of the manager's denial two weeks before. The assistant manager hurriedly signed the forms, approving the time off. The claimant absented himself from work on the days so specified, and was absent without calling the employer on December 25, 1999, the claimant having gone on vacation. The claimant was scheduled to work Christmas Day. When the employer found out what had happened, the employer discharged the claimant. The claimant had received a prior warning for insubordination.

The claimant failed to appear at a hearing on March 14, 2000 because his attorney was unavailable. The claimant failed to proceed at a hearing on February 17, 2000 because his attorney was unavailable.

OPINION: On application duly made, an Administrative Law Judge may reopen a case where a decision was made upon or following the default of a party if such party shows good cause for the default. (See, Appeal Board Rule 12 NYCRR 461.8.) The credible evidence establishes that the claimant failed to appear at the hearing in A.L.J. Case No. 000-03641 because his attorney was unavailable. The credible evidence establishes that the claimant failed to proceed at the hearing in A.L.J. Case No. 000-02187 because his attorney was unavailable. The claimant's application to reopen A.L.J. Case Nos. 000-02187 and 000-03641 should be granted.

Pursuant to Labor Law § 593 (3), a claimant is disqualified from receiving benefits after having lost employment through misconduct in connection with that employment. Pursuant to Labor Law § 527, the wages paid in such employment cannot be used to establish a future claim for benefits.

In this case, the claimant was discharged for taking off Christmas Day for a non-compelling reason and without authorization, after having been denied the day off by his manager, and for circumventing his manager's previous denial of time off. The claimant's assertion that the employer conjured up the second basis for discharge simply to bolster its defense against a post-termination lawsuit for discrimination bears little weight under the overwhelming subterfuge visible in the facts presented. The claimant asked his manager for time off, including Christmas. His request was denied. The claimant was told he was to be scheduled for Christmas Day. The claimant asked for additional Request Forms, falsely stating that the manager had lost the first set. The claimant then presented the second forms not to the manager, but to the assistant manager, and which forms specifically excluded Christmas Day. The claimant's assertion that he was told that the cafe would be closed Christmas Day was not substantiated. Further, having been told on or about December 10 that he could not have Christmas Day off, the claimant had no need to wait until December 23, when his manager was off, to ask the assistant manager for the time off. That he did so for a nefarious purpose is evinced by his false statement to Human Resources that his manager lost the first forms. In this light, the claimant did not fail to ask for Christmas Day off on December 23 because he believed that the cafe was closed, but because the schedule for Christmas Day would probably have been finalized, if not posted, and might be known to the assistant manager at the time the claimant presented the Request Forms to him. The claimant sought and gained approval from the assistant manager for time off before and after Christmas Day, knowing full well at the time that he intended to take off Christmas Day, too. The claimant was discharged for his dishonesty, both in regard to taking off Christmas Day, and for going around the back of his manager to get approval for previously denied time off. His employment ended under disqualifying conditions.

DECISION: The claimant's application to reopen A.L.J. Case Nos. 000-02187 and 000-03641 is granted.

The initial determination disqualifying the claimant from receiving benefits effective December 24, 1999, on the basis that the claimant lost employment through misconduct in connection with that employment

and holding that the wages paid to the claimant by LONG ISLAND MARRIOTT prior to December 24, 1999 cannot be used to establish a future claim for benefits, is sustained.

The claimant is disqualified from receiving benefits, effective December 24, 1999, until the claimant has subsequently worked in employment and earned remuneration at least equal to five times the claimant's weekly benefit rate. Employment and earnings from non-covered, excluded or self-employment will not count.

The claimant's wages from LONG ISLAND MARRIOTT paid prior to December 24, 1999 shall not count toward the establishment of any claim for benefits the claimant may file.

/s/ RICHARD WARD
---
**Administrative Law Judge**