UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
DOMINIQUE PHILLIPS,

                Plaintiff,

         -against-

THE NEW YORK STATE DEPARTMENT OF
LABOR UNEMPLOYMENT INSURANCE APPEAL
BOARD d/b/a ADMINISTRATIVE LAW
JUDGE SECTION, and ADMINISTRATIVE
LAW JUDGE RICHARD WARD,

                Defendants.
----------------------------------------x

MEMORANDUM AND ORDER
11-CV-1633 (JS)(ARL)

APPEARANCES:
Plaintiff:    Dominique Phillips, pro se
            11 Mirin Avenue
            P.O. Box 161
            Roosevelt, NY 11575

Defendants:   No Appearance.

SEYBERT, District Judge:

       On March 29, 2011, plaintiff Dominique Phillips brought this pro se action against the New York State Department of Labor Unemployment Insurance Appeal Board and the Administrative Law Judge who handled his case. Plaintiff filed an Amended Complaint on May 3, 2011. Plaintiff's request to proceed in forma pauperis is granted for the limited purpose of this Order. For the reasons set forth below, the Amended Complaint is dismissed.

I. Background

       Plaintiff alleges that he was employed at the Long Island Marriott Hotel and Conference Center in Uniondale, New York, from July 15, 1998 until December 30, 1999, when he was suspended from his job for failing to appear for scheduled shifts. (Amend. Compl.

¶¶ 5, 8; Ex. A.) Plaintiff alleges that, during his employment, he was subjected to a hostile work environment and discrimination on the basis of his race. (Amend. Compl. ¶ 7; Ex. B.) Plaintiff states that he was terminated on January 4, 2000, and thereafter applied for unemployment insurance benefits on January 10, 2000. (Amend. Compl. ¶¶ 10-11.) On January 18, 2000, he filed a formal complaint with the Equal Employment Opportunity Commission alleging discrimination on the basis of race. (Amend. Compl. ¶ 12; Ex. B.)

His request for unemployment compensation was denied, by a January 25, 2000 Notice of Determination, based on his employer's allegation that he was "discharged for misconduct," specifically, his absence without notice on December 25, 1999. (Amend. Compl. ¶ 13; Ex. D.) Plaintiff requested a hearing, which eventually took place on March 31, 2000. (Amend. Compl. ¶¶ 14, 21; Ex. K.) The hearing was presided over by Administrative Law Judge ("ALJ") Richard Ward, named here as a defendant. This initial hearing included a disagreement by the parties over whether the employer's claim of "insubordination" was properly before the ALJ. (Amend. Compl. ¶¶ 23-27; Ex. K, pp. 6-25.) Judge Ward granted the employer's request to expand the initial determination. (Amend. Compl. ¶ 25.) The hearing was adjourned and continued on April 13, May 16, and June 6. (Amend. Compl., Ex. S, p. 3.) Plaintiff now argues that ALJ Ward's decision and evidentiary rulings denied Plaintiff's right to due process. (Amend. Compl. ¶¶ 23-24, 26-27,

30-31, 33, 36, 46-47.) Plaintiff alleges that the ALJ did not have subject matter jurisdiction over the insubordination claim. (Amend. Compl. ¶ 26.) ALJ Ward issued a Decision on June 7, 2000, in which he cited Plaintiff's "dishonesty" as grounds for discharge and sustained the agency's initial denial of unemployment benefits. (Amend. Compl. ¶¶ 34, 49-51; Ex. P, p. 2.) Plaintiff alleges that ALJ Ward's decision is defamatory. (Amend. Compl. ¶¶ 34-35, 37.) Plaintiff appealed the decision on June 9, 2000. (Amend. Compl. ¶ 38; Ex. Q.)

Plaintiff filed a Title VII complaint against his former employer in this Court on February 27, 2004. On March 30, 2010, the Court denied the former employer's motion for summary judgment. Phillips v. Marriott Int'l, Inc., No. 04-CV-0839 (RRM)(WDW), 2010 WL 1269772 (E.D.N.Y. March 30, 2010). At a final pre-trial conference, the parties informed the Court that they had reached a settlement, and a stipulation of discontinuance was filed on February 27, 2011. Id., Docket Entry # 158.

Plaintiff filed the instant action on March 30, 2011, alleging denial of due process and a state law claim for defamation. The Amended Complaint names the New York State Department of Labor Unemployment Insurance Appeal Board and the ALJ as defendants, but the only claims it advances are against ALJ Ward. Plaintiff seeks unspecified compensatory and punitive damages and costs.

3

II. <u>Discussion</u>

   A. <u>Standard of Review</u>

In reviewing the complaint, the Court is mindful that "[a] document filed <u>pro se</u> is to be liberally construed, and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); <u>see also</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. <u>See</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the <u>in forma pauperis</u> statute, a district court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

   B. <u>Eleventh Amendment Immunity</u>

All of Plaintiff's claims are barred by sovereign immunity. <u>See</u> <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express

4

or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, the New York State Department of Labor Unemployment Insurance Appeal Board, as an agency of the State of New York, is protected against claims for damages. To the extent that Plaintiff intended to name the ALJ in his official capacity, the suit is deemed to be an action against the state and is barred by the Eleventh Amendment. See Will, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") (citations omitted). Accordingly, all of Plaintiff's claims against the New York State Department of Labor Unemployment Insurance Appeal Board and ALJ Ward in his official capacity are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

C. Judicial Immunity

Moreover, all of Plaintiff's claims against ALJ Ward, in any capacity, must be dismissed, because judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988). Absolute judicial immunity extends to ALJs. Butz v. Economou, 438 U.S. 478, 514 (1978) ("[P]ersons subject to [restraints designed to guarantee the independence of hearing examiners] and performing

adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts.") The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judicial officer be deprived of immunity "because the action he took was in error or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotations and citations omitted). This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Id., at 11-12.

Plaintiff's allegations against the ALJ all concern his official actions in ruling on motions and witnesses and in issuing an official decision. These are clearly judicial acts that are protected by absolute immunity. Plaintiff has not alleged that the ALJ took nonjudicial actions or that he acted in the absence of jurisdiction. Accordingly, ALJ Ward is immune from Plaintiff's claims for damages, and thus the claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

III. Conclusion

For the reason stated above, the Court finds that the named Defendants are protected from suit by sovereign immunity and judicial immunity. Since the Amended Complaint seeks monetary relief from Defendants who are immune from such relief, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July __12__, 2011
Central Islip, New York